

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-29-2007

# Jananto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2730

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jananto v. Atty Gen USA" (2007). *2007 Decisions.* Paper 177.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/177

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-2730
_____

KIATDIYOSO JANANTO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
DEPARTMENT OF HOMELAND SECURITY,

Respondents
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A96-251-988)
Immigration Judge:   Hon. Miriam K. Mills
_____

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2007

Before:   SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*

(Filed:  November 29, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge.*

Kiatdiyoso Jananto petitions this Court for review of the order of the Board of Immigration Appeals (BIA) denying his requests for withholding of removal and for relief under the United Nations Convention Against Torture (CAT). For the reasons discussed below, we will deny Jananto's petition.

I.

Jananto is an ethnically Chinese Christian who came to the United States from his native country of Indonesia on August 18, 2001. He was admitted into the United States on a non-immigrant visa with permission to remain in the country until February 17, 2002. He remained here after his visa expired. A notice to appear for removal proceedings was issued to Jananto on March 21, 2003.

At his hearing before the Immigration Judge (IJ), Jananto conceded that he was removable. He requested withholding of removal, relief under the CAT and, alternatively, voluntary departure. During removal proceedings Jananto maintained that he feared for his safety if he were to return to Indonesia based upon a pattern and practice of persecution towards Chinese Christians in that country.

In support of his claim, Jananto submitted, among other things, an affidavit and two government reports that purportedly demonstrate widespread acts of violence against Chinese Christians in Indonesia and their places of worship. Jananto's affidavit alleges several events, spanning a period of over thirty years, which he claims support his fear of persecution. The affidavit describes Jananto's growing up in a country plagued by social

discrimination against those of Chinese descent. Jananto claims that in 1969 he was "beaten up" by Indonesians while leaving school, and that his arm was broken. He also mentions the dangerous conditions in Indonesia resulting from race riots in Jakarta in 1998 and a 1999 clash in Ambon between Christians and Moslems. According to Jananto, these incidents, and reports of threatened attacks by Moslems on churches, prompted the Indonesian government to provide police protection on at least one occasion for his church in Jakarta. Finally, Jananto describes an incident in 2000 where he and a friend were confronted by a group of motorists that stopped their vehicle and threatened them based on their religion. According to Jananto, the foregoing events led to his decision to move to the United States in 2001. However, his family, including his mother and seven siblings, remain in Indonesia.

The IJ denied Jananto's application for withholding of removal and relief under the CAT, but granted Jananto voluntary departure. In an oral opinion, the IJ concluded that Jananto's affidavit described only isolated acts of violence and general discrimination against Chinese Christians, all of which does not rise to the level of persecution. The IJ found that Jananto's statements regarding the government's protection of churches in Jakarta during the 1999 religious conflict in Ambon served to contradict his alleged fear of persecution. The IJ also concluded that the government reports offered into evidence failed to establish a pattern or practice of persecution, as the violent acts were not widespread but were concentrated in areas outside of Jananto's home of Jakarta. In

3

addition, the IJ noted that those reports depicted improving conditions in Indonesia. Furthermore, the IJ held that the fact that Jananto's family has safely remained in Indonesia significantly weakens his claim that he will suffer persecution if he returns. In sum, the IJ concluded that Jananto had failed to demonstrate his eligibility for withholding of removal or relief under the CAT, but she granted voluntary departure, without opposition from the government.

On appeal, the BIA affirmed, without opinion, the decision of the IJ. On May 17, 2006, Jananto filed with this Court a petition to review the BIA decision and a motion for stay of removal. On September 6, 2006, we denied Jananto's motion to stay for failure to show a likelihood of success on the merits.

## II.

We have jurisdiction over a petition for review from a final order of the BIA pursuant to 8 U.S.C. § 1252(a)(1). Because the BIA affirmed the decision of the IJ without opinion, we review the decision of the IJ. *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005). The IJ's factual determinations must be upheld if supported by substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), and can only be reversed if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

III.

On appeal, Jananto argues that the IJ erred by denying his requests for withholding of removal or relief under the CAT. To be entitled to withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), Jananto must demonstrate that there is a "clear probability" that he will be persecuted on account of a protected ground on his return to Indonesia.[1] *INS v. Stevic*, 467 U.S. 407, 424 (1984). "The question under that [clear probability] standard is whether it is more likely than not that the alien would be subject to persecution." *Id.* To qualify for relief under the CAT, Jananto must establish "that it is more likely than not that he ... would be tortured if removed" to Indonesia. 8 C.F.R. § 208.16(c)(2). Jananto argues that the record demonstrates a pattern or practice of persecution of Chinese Christians in Indonesia and that such evidence is sufficient to support his applications for withholding of removal and relief under the CAT.

To support the existence of a pattern or practice of persecution, Jananto primarily relies on two reports prepared by the U.S. Department of State, including the 2004 International Religious Freedom Report on Indonesia (the "Religious Freedom Report") and the 2003 Country Report on Human Rights Practices in Indonesia (the "Country

---

[1]Both Petitioner's Brief and the oral decision of the IJ employ the "well-founded fear" standard, which is the applicable standard for claims for asylum. The clear probability standard is the correct standard for claims for withholding of removal. *Stevic*, 467 U.S. at 430. However, because the IJ concluded that Jananto was unable to demonstrate a well-founded fear, Jananto would necessarily be unable to meet the higher standard of showing a clear probability of persecution. *See Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991).

5

Report"). The IJ considered these reports, and other background evidence[2] relating to the current conditions in Indonesia, and found that they did not establish Jananto's claims for relief.

We do not agree with Jananto that the Religious Freedom Report and the Country Report compel us to conclude that there is a pattern or practice of persecution in Indonesia. "[T]o constitute a pattern or practice, the persecution of the group must be systemic, pervasive, or organized" and must be "committed by the government or forces the government is either unable or unwilling to control." *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) (internal quotation marks and citations omitted). Here, substantial evidence supports the IJ's conclusion that Jananto failed to establish a pattern or practice of persecution in Indonesia. As the IJ noted, while the Country Report cites to continuing problems concerning the government's ability to protect the human rights of its citizens, it also suggests some improvements. Similarly, although the Religious Freedom Report notes several conflicts between Christians and Muslims in Indonesia, it concludes that "[m]ost of the population enjoyed a high degree of religious freedom," and it provides several examples of government efforts to quell interreligious violence. The violence described in the reports appears to be isolated rather than pervasive. The IJ was also

---

[2]Apparently, Jananto provided Internet articles, a church letter, and other documents discussing religious relations in Indonesia, which are not included in Petitioner's Appendix on this appeal; however, the IJ found that this evidence, coupled with the government reports, supported a finding of "improved relations between the government and ethnic Chinese" in Indonesia, rather than a pattern or practice of persecution.

correct in observing that the fact that Jananto's family has remained in Indonesia unharmed since his departure serves to diminish the reasonableness of his fear of persecution.[3]

IV.

Jananto has not demonstrated that it is more likely than not that he will be persecuted upon his return to Indonesia. Additionally, Jananto offers no evidence that he will be tortured upon return to his native country. We have considered the remainder of Jananto's arguments and find them unpersuasive. For the foregoing reasons we will deny his petition for review.

---

[3]Jananto appears to take issue with the IJ's determination that he had not suffered past persecution. However, the IJ's determination that the isolated events described in Jananto's affidavit do not rise to the level of persecution was not erroneous. *See Lie*, 396 F.3d at 536.